IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON MARTINEZ VARGAS, | ) | CV F 03-6622 OWW WMW HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING REQUEST |
| | ) | TO STAY AND |
| v. | ) | HOLD PETITION IN |
| | ) | ABEYANCE |
| | ) | [Doc. 42] |
| CHERYL PLILER, | ) | |
| | ) | ORDER GRANTING MOTION |
| Respondent. | ) | TO FILE OVERSIZED |
| | ) | TRAVERSE |
| | ) | [Doc. 41] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Petitioner's request to stay this petition and hold it in abeyance.

On September 28, 2005, Petitioner filed a motion to stay this petition and hold it in abeyance while he exhausts an additional claim in state court. The claim Petitioner wishes to exhaust is the claim that his sentence was imposed in violation of the Ex Post Facto Clause of the United States Constitution. Petitioner contends that although his offense was committed in 2000, he was illegally sentenced under the 2001 version of Penal Code Section

186.22(b)(1), the gang enhancement statute, which provides for an additional term of ten years.

Respondent opposes Petitioner's motion on the ground that the claim which Petitioner seeks to exhaust is clearly meritless. The court agrees with Respondent and will therefore deny Petitioner's motion.

Article I, § 10 of the U.S. Constitution provides: "No State shall ... pass any ... ex post facto law." The Ex Post Facto Clause prohibits the states from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981), quoting Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325-26 (1866). "[T]he focus of the ex post facto inquiry is not on whether a legislative change produces some sort of 'disadvantage,' ... but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." California Dep't of Corrections v. Morales, 514 U.S. 499, 506 n. 3 (1995).

As Respondent explains, California voters approved Proposition 21 on March 7, 2000. West's Annotated California Codes, Penal Code Sections 1 -186.99, Vol.47, 2005 Cummulative Pocket Part, § 186.22, at 103. Proposition 21 became effective on March 8, 2000. Id. Proposition 21 enacted the ten-year gang enhancement. West's Annotated California Codes, Penal Code Sections 1-186.99, Vol. 47, 2005 Cumulative Pocket Part, § 186.22, at 101, 103.

Petitioner was committed his offense in August 2000, after the ten-year gang enhancement was enacted. Therefore, the court finds that his claim that the imposition of the enhancement constituted a violation of the Ex Post Facto law is meritless. A federal court may deny an unexhausted claim on the merits where it is clear that the petitioner does not raise even a colorable federal claim. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The court finds, therefore, that there is no basis for staying this case to allow Petitioner to

2

exhaust his Ex Post Facto claim.  Accordingly, Petitioner's motion to stay this case and hold it in abeyance is HEREBY DENIED.

      Petitioner's request for leave to file an oversized traverse is HEREBY GRANTED.

This case is now fully briefed.  Upon review, the court will issue an order resolving the case. IT IS SO ORDERED.

**Dated:   March 16, 2006**            **/s/  William M. Wunderlich**
mmkd34                                 UNITED STATES MAGISTRATE JUDGE