IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON MARTINEZ VARGAS, | ) | CV F 03-6622 OWW WMW HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| v. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| CHERYL PLILER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY

Petitioner was convicted in Kern County Superior Court of four counts of robbery. The jury also found the gang enhancements and personal firearm enhancements to be true. The court sentenced Petitioner to serve a term of 29 years and 4 months in prison.

Petitioner filed a direct appeal with the California Court of Appeal for the Fifth

1    Appellant District ("Court of Appeal"), which affirmed the judgment.  Petitioner filed a

2    petition for review with the California Supreme Court, which the court denied.

3        On April 15, 2003, Petitioner filed a petition for writ of habeas corpus with the Kern

4    County Superior Court.  The court denied the petition on May 14, 2003, on the merits and

5    with a citation to In re Swain, 34 Cal.2d 300, 303-304 (1949).

6        On June 16, 2003, Petitioner filed a second petition for writ of habeas corpus with the

7    Kern County Superior Court. The court denied the petition on the merits and as successive

8    with a citation to In re Clark, 5 Cal.4th 750, 768 (1993).

9        On August 4, 2003, Petitioner filed a petition for writ of habeas corpus in the Court of

10   Appeal.  The court denied the petition by way of a silent denial on August 28, 2003.  On

11   September 23, 2003, Petitioner filed a petition for writ of habeas corpus in the California

12   Supreme Court.  The court denied this petition by way of a silent denial on June 30, 2004.

13                              **FACTUAL BACKGROUND**

14       The court finds the Court of Appeal correctly summarized the facts in its opinion.

15   Thus, the court adopts the factual recitations set forth by the Court of Appeal

16                                **LEGAL STANDARD**

17   JURISDICTION

18       Relief by way of a petition for writ of habeas corpus extends to a person in custody

19   pursuant to the judgment of a state court if the custody is in violation of the Constitution or

20   laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams

21   v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of

22   his rights as guaranteed by the United States Constitution.  In addition, the conviction

23   challenged arises out of the Kern County Superior Court, which is located within the

24   jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has

25   jurisdiction over the action.

26       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty

27

28                                        2

1    Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after

2    its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,*

3    522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997)

4    (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107,

5    117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117

6    S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

7    The instant petition was filed on November 12, 2003, after the enactment of the AEDPA,

8    thus it is governed by its provisions.

9    STANDARD OF REVIEW

10          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

11   custody pursuant to the judgment of a State court only on the ground that he is in custody in

12   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

13          The AEDPA altered the standard of review that a federal habeas court must apply

14   with respect to a state prisoner's claim that was adjudicated on the merits in state court.

15   Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for

16   habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision

17   that was contrary to, or involved an unreasonable application of, clearly established Federal

18   law, as determined by the Supreme Court of the United States;" or "resulted in a decision

19   that was based on an unreasonable determination of the facts in light of the evidence

20   presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123

21   S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v.

22   Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).

23   "A federal habeas court may not issue the writ simply because that court concludes in its

24   independent judgment that the relevant state-court decision applied clearly established

25   federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather, that

26   application must be objectively unreasonable."  Id. (citations omitted).

27

28                                              3

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

EXHAUSTION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court

4

that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9ᵗʰ Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is  insufficient to present the "substance" of such a federal claim to a state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

If  the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9ᵗʰ Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

## DISCUSSION

1.  Application of Section 12022.53(b) and 186.22(b)(1) as Cruel and Unusual Punishment

Petitioner contends that the imposition of a 13 1/3 year sentence enhancement under Penal Code Section 12022.53(b) (enhancement for personal use of a firearm) and an additional 10 year consecutive sentence under Penal Code Section 186.22(b)(1) (gang enhancement) violates the Federal and State Constitutional prohibitions against cruel and

1    unusual punishment.  Respondent disputes this contention.[1]

2        This contention was raised and rejected on direct appeal, and the Court of Appeal was

3    the last court to issue a reasoned decision addressing it.  In rejecting this contention,  the

4    Court of Appeal cited and discussed  Rummel v. Estelle 445 U.S. 263 (1980), and Solem v.

5    Helm, 463 U.S. (1983), and Harmelin v.Michigan, 502 U.S. 957 (1991).  In Harmelin,

6    Justice Kennedy, joined by Justices O'Connor and Souter, stated that a noncapital sentence

7    could violate the Eighth Amendment if it was "grossly disproportionate" to the crime, but

8    concluded that courts need not examine the second and third factors of intrajurisdictional and

9    interjurisdictional reviews discussed in Solem, unless "a threshold comparison of the crime

10   committed and the sentence imposed leads to an inference of gross disproportionality."  Id. at

11   1005.  The Ninth Circuit, adopting Justice Kennedy's concurring opinion in Harmelin, now

12   refers to the test articulated as "the rule of Harmelin."  Andrade v. Attorney General of the

13   State of California, 270 F.3d 743, 756 (9th Cir. 2001).

14       The majority of the justices in the Harmelin court agreed that outside capital

15   punishment, deeming a sentence cruel and unusual punishment is "exceedingly rare" due to

16   the lack of objective guidelines for terms of imprisonment.  Harmelin, 501 U.S. 957, 964,

17   111 S.Ct. 2680 (1991).  The threshold for such an inference of disproportionality is high.

18   See, Id. at 1001, 111 S.Ct. at 2707 (Kennedy, J. concurring).  Generally, so long as the

19   sentence imposed by the state court does not exceed statutory maximums, the sentence will

20   not be considered cruel and unusual punishment under the Eighth Amendment.  United

21   States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990).

22       In this case, the Court of Appeal found as follows:

23           As in Harmelin, we do not find that the sentence in this case leads to an
             inference of gross disproportionality, and thus conclude there is no Eighth
24

25   _____

26   [1]Claims regarding violations of the California Constitution are not cognizable on federal
     habeas corpus.  Title 28 U.S.C. Section 2254(a) authorizes federal courts to grant habeas corpus
     relief only for violations of federal law.  Accordingly, this court will address only Petitioner's
27   federal Constitutional claim.

28                                              6

Amendment violation.  The defendant in *Harmelin* was convicted of a single count of possession of cocaine for sale and was sentenced to a term of life in prison without the possibility of parole.  Vargas was convicted of four counts of armed robbery for the benefit of a criminal street gang.  He was sentenced to prison for 29 years and 4 months and will be eligible for parole in approximately 25 years.  Neither case involved injury to another, although Vargas' use of a handgun increased the potential for injury.

Exhibit G.

This court finds Petitioner has presented nothing demonstrating that the Court of Appeal's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Accordingly, the court finds no basis for habeas corpus relief based on this contention.

2.  Sections 12022.53(b) and 186.22(b)(1) as violative of due process and equal protection

Petitioner contends that Penal Code Section 12022.53(b) (enhancement for personal use of a firearm) does not rationally serve a legitimate state interest when it results in the unreasonably disparate punishment of the same type of offenders whose only distinction is the difference in their weapon of choice.  He argues that this is more so where Section 12022.53 requires an unduly harsher sentence of ten more years regardless of whether the firearm was discharged or injury occurred.  Petitioner claims that the application of the statute is irrationally harsh compared to other statutes covering the same conduct, and it's disparity becomes more apparent when Penal Code Section 186.22(b)(1) enters the equation.  Respondent disputes this contention.

This contention was addressed and rejected by the Court of Appeal on direct appeal.  The Court of Appeal, the last court to issue a reasoned opinion on the contention, stated in part as follows:

Nor does Vargas [fare] any better if we consider the merits of what it appears he is arguing.  The equal protection clauses of both the state and federal Constitutions protect similarly situated individuals from disparate treatment by the state. (*People v.*

7

*Alvarez* (2001) 88 Cal.App.4th 1110, 1114-1115.)  Vargas makes no effort to inform this court to what group he belongs or how he is treated unequally.

We can infer from his arguments that he asserts that other criminals who do not use a gun while committing crimes are treated more leniently.  However, *Alvarez* rejected this argument, finding that there was a compelling state interest for treating a defendant who used a gun differently from those who did not.  (*People v. Alvarez, supra,* 88 Cal.App.4th at pp. 1116-1118.)

The mandatory nature of the enhancement, the claimed disproportionality with other sentencing statutes, and the claimed discretion provided to the prosecutor all do not implicate due process concerns.  Moreover, each of these arguments has been rejected in similar contexts.  (*People v. Zepeda* [(20010], *supra,* 87 Cal.App.4th [1183] at pp. 1214-1215 [§§12022.53 was not cruel and unusual because it was mandatory in nature and did not consider mitigating factors]; *People v. Martinez* [(1999)], *supra,* 76 Cal.App.4th [489] at p. 495 [§ 12022.53 recognizes gradations in culpability since use of a firearm is punished less severely than discharge and discharge causing great bodily injury]; *People v. Gonzalez* (2001) 87 Cal.App.4th 1, 14-18 [prosecutorial discretion in charging enhancement did not violate equal protection clause and disproportionality does not cause the section to violate Eighth Amendment].])

Nor is there any merit to Vargas's due process challenge.  Due process requires fundamental fairness in the criminal procedures by which a defendant is convicted of a crime.  (*United States v. Valenzuela-Bernal* (1982) 458 U.S. 858, 872; *Spencer v. Texas* (1967) 385 U.S. 554, 563-564.)  With the possible exception of the argument that the statute presents the prosecutor with excess charging discretion, Vargas does not identify any procedure that resulted in a conviction that was fundamentally unfair.  Instead, the focus is on the mantra that the length of the sentence is unfair.  A lengthy sentence does not mean that the procedure by which it was imposed was fundamentally unfair.

Exhibit G, 10-12.

The court finds that this analysis is a reasonable application of Supreme Court precedent.  The Supreme Court has held that the equal protection clause means "that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne, Texas v. Cleburne Living Center</u>, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254 (1985); <u>Clark v. California</u>, 123 F.3d 1267, 1270 (9th Cir. 1997). The first step in any equal protection analysis is to identify petitioner's classification or group.  <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1187 (9th Cir. 1995).  Petitioner must show that the law has been applied in a discriminatory manner on him or imposes different burdens on different groups. <u>Id</u>.; <u>Christy v. Hodel</u>, 857 F.2d 1324, 1331 (9th Cir. 1988).  The second step requires the

8

1  court to determine the level of scrutiny with which the court should review the statute.

2  Freeman, 68 F.3d at 1187.  Discrimination on the basis of race or national origin and

3  discrimination that affects fundamental rights are subject to strict scrutiny.  Clark v. Jeter, 486

4  U.S. 456, 461, 108 S.Ct. 1910, 1914 (1988).

5       In this case, Petitioner has done nothing to challenge the Court of Appeal's findings

6  that he did not inform the court to which group he belongs or how he is treated unequally.

7  Thus, there is no basis for further analysis regarding Petitioner's equal protection claim.

8  Similarly, there is no basis for further analysis of Petitioner's due process claim when

9  Petitioner has failed to identify any procedure in connection with his conviction that was

10  fundamentally unfair.  Accordingly, the court must conclude that Petitioner has failed to

11  carry his burden of demonstrating that the Court of Appeal's opinion "resulted in a decision

12  that was contrary to, or involved an unreasonable application of, clearly established Federal

13  law, as determined by the Supreme Court of the United States;" or "resulted in a decision

14  that was based on an unreasonable determination of the facts in light of the evidence

15  presented in the State Court proceeding." 28 U.S.C. § 2254(d).   The court finds no basis for

16  habeas corpus relief based on this contention.

17  3.  Application of Penal Code Section 186.22(b)(1)

18       Petitioner contends that the application of the Section 186.22(b)(1) criminal street

19  gang enhancement should be stayed in this case pursuant to Section 654, which prohibits

20  double punishment.   This claim is not cognizable in the present petition.   Habeas corpus

21  relief is not available to correct alleged errors in the state court's application or interpretation

22  of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton

23  v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).   Title 28 U.S.C. Section 2254(a) authorizes

24  federal courts to grant habeas corpus relief only for violations of federal law.  Accordingly,

25  this contention presents no basis for habeas corpus relief.

26  4. Ineffective Assistance of Counsel

27

28           9

1    Petitioner contends that trial counsel was ineffective for failure to object on the three

2    grounds discussed above.  The court finds that this contention lacks merit.  Because these

3    grounds lack merit, as set forth above, they cannot support a claim of ineffective assistance

4    of counsel.  Accordingly, the court concludes that this contention provides no basis for

5    habeas corpus relief.

6    5.  Reference to Rejected Plea Bargain

7    Petitioner contends that the reference in the probation report and the prosecutor's

8    statement prejudiced him during the sentencing proceedings.  Specifically, Petitioner claims

9    that the introduction of this evidence violated Evidence Code Section 1153 and Penal Code

10   Section 1192.4.  As set forth above, federal habeas corpus relief is not available to address

11   state law claims.  See  28 U.S.C. Section 2254(a).  Accordingly, this contention presents no

12   basis for habeas corpus relief.

13   6.  Imposition of Additional Order in Resentencing

14   Petitioner contends that the court committed prejudicial error when, at resentencing,

15   it imposed a requirement that Petitioner would have to register as a criminal street gang

16   member immediately upon his release, pursuant to Penal Code Section 186.30.  Petitioner

17   claims that his resulted in a violation of Penal Code Section 1170(d).  Again, as set forth

18   above, federal habeas corpus relief is not available to address state law claims.  See  28

19   U.S.C. Section 2254(a).  Accordingly, this contention presents no basis for habeas corpus

20   relief.

21   7.  Ineffective Assistance of Counsel re Request for Line-Up

22   Petitioner contends that he was deprived of his constitutional right to effective

23   assistance of counsel where his counsel failed to move for a live line-up.  He claims that a

24   line-up of himself and his companions could have resulted in one of his companions being

25   identified as the person who personally used the firearm.

26   The law governing ineffective assistance of counsel claims is clearly established for

27

28                                          10

1   the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v.

2   Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging

3   ineffective assistance of counsel, the court must consider two factors.  Strickland v.

4   Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344,

5   346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient,

6   requiring a showing that counsel made errors so serious that he or she was not functioning as

7   the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The

8   petitioner must show that counsel's representation fell below an objective standard of

9   reasonableness, and must identify counsel's alleged acts or omissions that were not the result

10  of reasonable professional judgment considering the circumstances. Id. at 688; United States

11  v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's

12  performance is highly deferential.  A court indulges a strong presumption that counsel's

13  conduct falls within the wide range of reasonable professional assistance.  Strickland, 466

14  U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th

15  Cir.1994).

16       Second, the petitioner must demonstrate that "there is a reasonable probability that,

17  but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at

18  694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a

19  fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  The court must evaluate

20  whether the entire trial was fundamentally unfair or unreliable because of counsel's

21  ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d

22  1356, 1461 (9th Cir. 1994).

23       A court need not determine whether counsel's performance was deficient before

24  examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.

25  Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must

26  affirmatively prove prejudice, any deficiency that does not result in prejudice must

27

28                                          11

necessarily fail. However, there are certain instances which are legally presumed to result in

prejudice, e.g., where there has been an actual or constructive denial of the assistance of

counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S.

at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n.

25 (1984).   Ineffective assistance of counsel claims are analyzed under the "unreasonable

application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215

F.3d 1058, 1062 (2000).

Petitioner raised this claim in his first habeas corpus petition before the Superior

Court, which rejected it as follows:

> Petitioner has failed to state sufficient facts to show that he was entitled to a
> "live" line-up and, even if he was, that his trial counsel had made moved [sic] for a
> "live" line-up that (1) the court would have granted the Motion, (2) that the results of
> the line would have been in Petitioner's favor, (3) he would have obtained a better
> result.  Petitioner's claim that his trial counsel failed/refused to make timely
> objections is, therefore, an unsupported conclusory allegation which is insufficient to
> support the claim for relief.  In re Swain (1949) 34 Cal.2d 300, 303-304.  As
> Petitioner cannot show he was prejudiced by the failure of his trial counsel to make
> this Motion, Petitioner has failed to make a prima facie case for relief.

Exhibit K, 3.  Petitioner also raised this claim in his second petition before the Superior

Court, which rejected it for failure to state a prima facie case and as successive.  Exhibit M,

3.  This claim was raised in Petitioner's habeas corpus petitions before the Court of Appeal

and the California Supreme Court, which were denied with silent denials.

Petitioner now argues that a live line-up "could" have resulted in him not being

identified as the person who personally used a firearm, because the photo line-up only

resulted in a tentative identification of Petitioner.  The court finds that this is pure

speculation, insufficient to support the finding of prejudice necessary to state a claim of

ineffective assistance claim.

Accordingly, the court must conclude that Petitioner has failed to carry his burden of

demonstrating that the Superior Court's opinion "resulted in a decision that was contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by

1   the Supreme Court of the United States;" or "resulted in a decision that was based on an

2   unreasonable determination of the facts in light of the evidence presented in the State Court

3   proceeding." 28 U.S.C. § 2254(d).   The court finds no basis for habeas corpus relief based

4   on this contention.

5   8.  Ineffective Assistance of Counsel Re Sleeping During Critical Stages of Trial

6          Petitioner contends that he was deprived of effective assistance of counsel because

7   counsel slept through portions of the prosecutor's examination of adverse witness Frank

8   Gonzales.  Petitioner claims that he had to jar counsel awake to get him to object to the

9   prosecution's solicitation of testimony Petitioner considered to be irrelevant.  Petitioner

10  further claims that upon awakening, counsel objected and acknowledged that he had been

11  asleep and had missed the question posed by the prosecutor.

12         The Superior Court rejected this contention on the merits in the first superior court

13  habeas corpus petition.   The court found that Petitioner had failed to show that trial

14  counsel's falling asleep prejudiced his case.  Specifically, the court held in part as follows:

15             Petitioner has failed to state sufficient facts to show that his trial counsel's
      falling asleep prejudiced his case.  Petitioner failed to submit any facts and/or
16    documentary evidence as to the specific number of times that counsel fell asleep,
      during what portions of the trial he fell asleep, how long he was asleep, or how
17    specifically counsel's falling asleep affected defense of Petitioner's case.  Petitioner,
      therefore, failed to show as a demonstrable reality that had counsel not fallen asleep
18    the trial would have proceeded differently and that Petitioner would have received a
      better result .  While Petitioner makes a specific reference in the trial transcript to one
19    instance where counsel allegedly fell asleep, Petitioner fails to attach a copy of that
      portion of the transcript, so the Court cannot make any determination as to the
20    circumstances surrounding this particular instance.  As Petitioner failed to show he
      was prejudiced by his trial counsel's falling asleep to make this Motion, Petitioner
21    has failed to make a prima facie case for relief.

22  Exhibit K, 2.  Petitioner raised this issue in his second habeas corpus petition before the

23  Superior Court, which rejected for failure to state a prima facie case.  Exhibit M, 3.  He also

24  raised it in his habeas corpus petitions before the Court of Appeal and California Supreme

25  Court, which were denied with silent denials.

26

27         This court must agree with the Superior Court that Petitioner has failed to establish

28                                          13

the second prong under <u>Strickland</u>, i.e., prejudice.  This court must therefore conclude that Petitioner has failed to carry his burden of demonstrating that the Superior Court's opinion "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, the court finds no basis for habeas corpus relief based on this contention.

9.  Ineffective Assistance of Counsel re Failure to Interview Witnesses

Petitioner contends that he was deprived of effective assistance of counsel because counsel failed to interview defense witnesses before calling them to testify.  He claims that this exposed him to defense witnesses giving damaging testimony that contradicted other defense witness's testimony, and was so contrary to the defense theory of the case that it appeared that the witnesses were testifying falsely.  Specifically, Petitioner argues that although trial counsel proffered a defense theory that there was no firearm present during the commission of the offense, counsel called as a defense witness Lee Estrada, who testified that he had an inoperable firearm, and displayed it to the victims.

This contention was raised in Petitioner's second Superior Court habeas petition, and the court found that Petitioner failed to state a prima facie case.  He also raised it in his habeas corpus petitions before the Court of Appeal and California Supreme Court, which were denied with silent denials.  This court agrees with the Superior Court.  As Respondent argues, Petitioner has not shown that defense counsel failed to interview Estrada before trial. Without establishing this fact, Petitioner cannot even begin to support his contention. Further, defense counsel may have had tactical reasons for calling Estrada, even if he knew what his testimony would be. See  United States v. Mayo, 646 F.2d 369, 375 (9th Cir.), cert. denied sub. nom., Dondich v. United States, 454 U.S. 1127 (1981) (difference in opinion as to trial tactics does not constitute denial of effective assistance).  Finally, there was

overwhelming evidence in the form of testimony from the three victims that Petitioner was the gunman.

In light of the above, the court finds that Petitioner has failed to carry his burden of demonstrating that the Superior Court's opinion "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).   Accordingly, the court finds no basis for habeas corpus relief based on this contention.

10.   Ineffective Assistance of Counsel re Failure to Adequately Research the Law

Petitioner contends that he was denied his constitutional right to effective assistance of counsel because trial counsel failed to adequately research the law and applicable statutes prior to sentencing.  Petitioner claims that in his "mitigation statement," counsel asked the court to sentence Petitioner to both the 12022.53(b) and 186.22(b)(1) enhancements, requesting that ten years be imposed, consecutively, under both statutes, along with a 5 year consecutive term for a total of 25 years.  Petitioner claims that had counsel adequately researched Section 12022.5, he would have discovered that subdivision (j) prohibits punishment under any other provision of law.   Petitioner argues that it was not possible to legally impose an additional consecutive 10 year sentence pursuant to Section 186.22(b)(1).

This contention was first raised in Petitioner's second Superior Court habeas corpus petition, and was rejected on the merits for failure to state a prima facie case.   It was also rejected by the Court of Appeal and the California Supreme Court with silent denials.

Petitioner's contention lacks merit.  At the time the crime was committed, Section 12022.53(j) provided in part as follows:

> (j) . . . .   When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment pursuant to this section rather than imposing punishment authorized under any other provision of law, unless another provision of law provides for a greater penalty or a longer term of

15

1  imprisonment.

2  On its face, Section 12022.53(j) does not, as Petitioner contends, prohibit punishment under

3  any other provision of law.  Thus, Petitioner's ineffective assistance of counsel claim based

4  on that contention is without a factual basis.   Accordingly, the court finds that Petitioner has

5  failed to carry his burden of demonstrating that the Superior Court's opinion "resulted in a

6  decision that was contrary to, or involved an unreasonable application of, clearly established

7  Federal law, as determined by the Supreme Court of the United States;" or "resulted in a

8  decision that was based on an unreasonable determination of the facts in light of the evidence

9  presented in the State Court proceeding." 28 U.S.C. § 2254(d).   The court finds no basis for

10  habeas corpus relief based on this contention.

11  11.  Ineffective Assistance of Appellate Counsel re Sufficiency of Evidence

12         Petitioner contends that he was deprived of his right to effective assistance of

13  appellate counsel because appellate counsel failed to raise a claim that there was insufficient

14  evidence to find personal use of a firearm.  Petitioner argues that the evidence at trial was in

15  dispute as to whether Petitioner personally possessed a firearm, including evidence that

16  someone other than Petitioner may have possessed a firearm during the commission of the

17  crime.

18         The issue of ineffective assistance of appellate counsel was raised in Petitioner's first

19  Superior Court habeas corpus petition and was rejected on the merits.  The Superior Court

20  found that, "[a]s Petitioner failed to provide sufficient facts and/or documentary evidence

21  that he suffered any prejudice as a result of trial counsel's action and failed to make prima

22  facie case as to any other issue raised in this Petition, Petitioner has failed to establish that

23  Appellate Counsel should have raised this issue on appeal." Exhibit K, 3.  The claim was re-

24  raised in the second Superior Court habeas corpus petition and was rejected on the merits and

25  as a successive claim.  Exhibit M, 3.  This claim was raised in the habeas corpus petitions

26  filed in the Court of Appeal and the California Supreme Court and was denied with silent

27

28                                      16

1  denials.  Exhibit N at 4-C; Exhibit O; Exhibit P at 7; Exhibit Q.

2         Effective assistance of appellate counsel is guaranteed by the Due Process Clause of

3  the Fourteenth Amendment.  Evitts v. Lucey, 469 U.S. 387, 391-405 (1985).  Claims of

4  ineffective assistance of appellate counsel are reviewed according to Strickland 's

5  two-pronged test.  Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v.

6  Birtle, 792 F.2d 846, 847 (9th Cir.1986); See, also, Penson v. Ohio, 488 U.S. 75, 109 S.Ct.

7  346, 353-54 (1988) (holding that where a defendant has been actually or constructively

8  denied the assistance of appellate counsel altogether, the Strickland standard does not apply

9  and prejudice is presumed; the implication is that Strickland does apply where counsel is

10  present but ineffective).

11         To prevail, Petitioner must show two things.  First, he must establish that appellate

12  counsel's deficient performance fell below an objective standard of reasonableness under

13  prevailing professional norms.   Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct.

14  2052, 2064 (1984).  Second, Petitioner must establish that he suffered prejudice in that there

15  was a reasonable probability that, but for counsel's unprofessional errors, she would have

16  prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to

17  undermine confidence in the outcome. Id. The relevant inquiry is not what counsel could

18  have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v.

19  Calderon, 151 F.3d 1170, 1173 (9th Cir.1998). The presumption of reasonableness is even

20  stronger for appellate counsel because he has wider discretion than trial counsel in weeding

21  out weaker issues; doing so is widely recognized as one of the hallmarks of effective

22  appellate assistance. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989).  Appealing every

23  arguable issue would do disservice to the Petitioner because it would draw an appellate

24  judge's attention away from stronger issues and reduce appellate counsel's credibility before

25  the appellate court. Id.  Appellate counsel has no constitutional duty to raise every

26  nonfrivolous issue requested by Petitioner. Id at 1434 n10 (citing Jones v. Barnes, 463 U.S.

27

28                                          17

1    745, 751-54, 103 S.Ct. 3308 (1983)).

2         In the present case, Petitioner's argument that there was conflicting evidence

3    regarding personal use of a firearm by Petitioner does not demonstrate that there was

4    insufficient evidence to support the finding.  As Respondent argues, there was overwhelming

5    evidence that Petitioner was the gunman in the form of the testimony of the three victims.

6    Therefore, Appellate Counsel was not ineffective in choosing not to raise this issue, and

7    Petitioner cannot show prejudice.

8         Accordingly, the court finds that Petitioner has failed to carry his burden of

9    demonstrating that the Superior Court's opinion "resulted in a decision that was contrary to,

10   or involved an unreasonable application of, clearly established Federal law, as determined by

11   the Supreme Court of the United States;" or "resulted in a decision that was based on an

12   unreasonable determination of the facts in light of the evidence presented in the State Court

13   proceeding." 28 U.S.C. § 2254(d).   The court finds no basis for habeas corpus relief based

14   on this contention.

15   12.  Ineffective Assistance of Appellate Counsel re Double Jeopardy

16        Petitioner contends that he was deprived of his constitutional right to effective

17   assistance of appellate counsel because appellate counsel failed to argue that the imposition

18   of consecutive sentences pursuant to Sections 186.22(b)(1) and 12022.53(b) violates double

19   jeopardy.  Petitioner bases this contention upon his claim that Section 12022.53(b) prohibits

20   additional punishment under any other provision of law.  This claim was raised in

21   Petitioner's second superior court petition for writ of habeas corpus, which was denied on the

22   merits and as successive.  The claim was raised in the Court of Appeal and the California

23   Supreme Court habeas corpus petitions, which were denied with silent denials.

24        As explained above, Petitioner's  claim that Section 186.22(b)(1) precludes

25   punishment under any other section is incorrect.  Therefore, there is no merit to Petitioner's

26   contention that appellate counsel was ineffective for failing to raise this claim on appeal.

27

28                                                      18

Accordingly, the court finds that Petitioner has failed to carry his burden of demonstrating that the Superior Court's opinion "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The court finds no basis for habeas corpus relief based on this contention.

13. Ineffective Assistance of Appellate Counsel re Ineffective Assistance of Trial Counsel

Petitioner contends that appellate counsel was constitutionally ineffective for failing to raise a claim on appeal that trial counsel was ineffective as to grounds 7 through 10 above. This claim was raised in Petitioner's second superior court habeas corpus petition and rejected on the merits and as successive. Exhibit M, 3. This claim was raised in the Court of Appeal and the California Supreme Court habeas corpus petitions, which were denied with silent denials.

As explained above, there is no merit to Petitioner's contention that he received ineffective assistance of trial counsel. Therefore, there is no merit to Petitioner's contention that appellate counsel was ineffective for failing to raise this claim on appeal. Accordingly, the court finds that Petitioner has failed to carry his burden of demonstrating that the Superior Court's opinion "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The court finds no basis for habeas corpus relief based on this contention.

14. Due Process Based on Denial of Substitution of Counsel

Petitioner contends that he was denied his Constitutional right to due process because

the trial court refused to substitute appointed counsel where a genuine conflict of interest existed.  Petitioner raised this claim in his first habeas corpus petition before the Superior Court, which rejected it on the merits as follows:

> The trial court has the discretion to deny a Marsden motion "in the absence of a sufficient showing that a defendant's right to counsel would otherwise be substantially impaired."  People v. Walker, (1976) 18 Cal.3d 232, 238.  A defendant has the burden of proving a substantial impairment by demonstrating that counsel is inadequate.  People v. Young (1981) 118 Cal.App.3d 959, People v. Marsden (1970) 2 Cal.3d 118.  Petitioner merely states that there was a conflict of interest between himself and counsel, but fails to present any facts and/or documentary evidence as to what that conflict was or that the conflict presented a substantial impairment to the defense of his case.  Nor has Petitioner presented any facts and/or documentary evidence that the Court was biased against him and knew that Petitioner would be "railroaded" with his counsel.  Petitioner's claim that the Court abused its discretion in denying the Marsden Motion is, therefore, an unsupported, conclusory allegation that is insufficient to support the relief requested.  In re Swain (1949) 34 Cal.2d 300, 202-304.

Exhibit K, 4.  Petitioner raised this contention in his second petition for writ of habeas corpus before the Superior Court, which rejected it on the merits and as successive.  Exhibit M, 3. Petitioner raised this contention in his habeas petitions before the Court of Appeal and the California Supreme Court, which were denied with silent denials.  Exhibits 0 and Q.

The denial of a motion to substitute counsel implicates a defendant's Sixth Amendment right to counsel and therefore is properly considered in a habeas proceeding. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1475 (9th Cir.), *cert. denied*, 513 U.S. 947, 115 S.Ct. 357 (1994), *overruled on other grounds by* Schell v. Witek, 218 F.3d 1017 (9th Cir.2000).  It is well settled that when a criminal defendant voices a seemingly substantial complaint about counsel, the trial judge should make a thorough inquiry into the reasons for the defendant's dissatisfaction.  See id. at 1475-76; United States v. Robinson, 913 F.2d 712, 716 (9th Cir.1990).  The Sixth Amendment, however, guarantees effective assistance of counsel, not a "meaningful relationship" between an accused and his counsel.  See, Morris v. Slappy, 461 U.S. 1, 14, 103 S.Ct. 1610 (1983).   The ultimate inquiry in a federal habeas proceeding is whether the petitioner's Sixth Amendment right to counsel was violated.  Schell v. Witek, 218 F.3d 1017, 1024-25 (9th Cir.2000) (*en banc*).  The habeas court considers

1    whether the trial court's denial of or failure to rule on the motion "actually violated

2    [petitioner's] constitutional rights in that the conflict between [petitioner] and his attorney

3    had become so great that it resulted in a total lack of communication or other significant

4    impediment that resulted in turn in an attorney-client relationship that fell short of that

5    required by the Sixth Amendment." Id. at 1026.

6           In his case, Petitioner claims that a conflict existed between he and his appointed

7    counsel.  "To establish a sixth amendment violation based on a conflict of interest, a

8    defendant must show that (1) that counsel actively represented conflicting interests, and (2)

9    that an actual conflict of interest adversely affected his lawyers performance." Cuyler v.

10   Sullivan, 446 U.S. 335, 350 (1980).  Petitioner must prove an actual conflict "through a

11   factual showing on the record." Morris v. California, 966 F.2d 448, 455 (9th Cir. 1992).

12   Petitioner must also show that the conflict likely had an adverse effect on the representation.

13   Here, Petitioner not explain what that conflict was.  He does state that his appointed counsel

14   did not all ow him to participate in trial strategy and tactics, but this, even if true, does not

15   support a claim of deprivation of the right to counsel.  A conflict over strategy is not a

16   sufficient conflict to warrant substitution of counsel. United States v. McKenna, 327 F.3d

17   830, 844 (9th Cir.), cert. denied,540 U.S. 941 (2003).   Although Petitioner also claims that

18   trial counsel committed error that rise to the level of incompetence, Petitioner's claims of

19   ineffective assistance have already been found meritless above.

20          Accordingly,  the court finds that Petitioner has failed to carry his burden of

21   demonstrating that the Superior Court's opinion "resulted in a decision that was contrary to,

22   or involved an unreasonable application of, clearly established Federal law, as determined by

23   the Supreme Court of the United States;" or "resulted in a decision that was based on an

24   unreasonable determination of the facts in light of the evidence presented in the State Court

25   proceeding." 28 U.S.C. § 2254(d).   The court finds no basis for habeas corpus relief based

26   on this contention.

27

28                                                    21

15.  Denial of Right to Counsel Based on Denial of Request for Continuance to Retain
Counsel

Petitioner contends that he was denied the right to counsel of choice where the trial
court denied his request for a continuance to retain counsel.  This claim was raised in
Petitioner's second habeas corpus petition before the Superior Court and rejected on the
merits for failure to state a prima facie case.  It was raised in Petitioner's habeas corpus
petitions filed in the Court of Appeal and the California Supreme Court, which were denied
with silent denials.

In United States v. Garrett, 179 F.3d 1143, 1144-45 (9th Cir. 1999), the Ninth Circuit
explained as follows

> We write today to make it clear that when we review a district court's ruling
> granting or denying a motion for a  continuance the applicable standard of review is
> abuse of discretion. This standard is consistent with the Supreme Court's decision in
> Morris v. Slappy, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) where the
> Court stated that "broad discretion must be granted trial courts on matters of
> continuances." The Court wrote:
>> Trial judges necessarily require a great deal of latitude in scheduling trials.
>> Not the least of their problems is that of assembling the witnesses, lawyers,
>> and jurors at the same place at the same time, and this burden counsels against
>> continuances except for compelling reasons. Consequently, broad discretion
>> must be granted trial courts on matters of continuances; only an unreasoning
>> and arbitrary 'insistence upon the expeditiousness in the face of a justifiable
>> request for delay' violates the right to assistance of counsel. Id. at 11-12, 103
>> S.Ct. 1610 (quoting Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11
>> L.Ed.2d 921 (1964)).

The court upheld the denial of a continuance on the eve of trial to allow newly obtained
counsel to prepare for trial.   Garrett, 179 F.3d at 1147.

The court finds that the state court's denial of relief was a reasonable application of
controlling Supreme Court precedent, as set forth in Slappy.   Petitioner has in no way
demonstrated that the trial court abused its discretion in denying Petitioner's request for a
continuance, a request made one day before jury selection was to begin.   Accordingly,  the
court finds that Petitioner has failed to carry his burden of demonstrating that the Superior
Court's opinion "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).   The court finds no basis for habeas corpus relief based on this contention.

16.  Prosecutorial Misconduct

Petitioner contends that he was deprived of the Constitutional right to due process, because the prosecutor acted vindictively when Petitioner exercised his right to go to trial. Petitioner claims that the prosecutor threatened to file additional charges against Petitioner and to re-charge previously dismissed charges, if Petitioner did not accept the plea offer.  It is undisputed that at sentencing, the prosecutor introduced as an aggravating circumstance the fact of the failed plea bargain, and also asked the probation officer to file a supplemental report referencing these facts.

This issue was presented in Petitioner's first habeas corpus petition before the Superior Court, and rejected as follows:

> Petitioner presented no facts or documentary evidence which support any of his claims.  Petitioner is obligated to state with particularity the facts on which relief is sought and to attach reasonably available documentary evidence that supporting [sic] his claim.  People v. Duvall (1995) 9 Cal.4th 464, 474.  Petitioner merely states intended [sic] to "inflame the jury" and that as "punishment" for his rejection of the plea the prosecutor "increased" the punishment and added charges.  Therefore, Petitioner's claims are unsupported conclusory allegations that are insufficient to support the relief granted [sic].  In re Swain (1949) 34 Cal.2d 300, 303-304.  Further, it appears that the conduct complained of should be contained in the trial transcript and as such could have been raised on appeal.  Matters which could have been, but were not, raised on appeal are not cognizable on habeas corpus.  In re Dixon (1953) 41 Cal.2d 756,759.

Exhibit K, 4.  This claim was raised in the Court of Appeal and the California Supreme Court petitions and was rejected with silent denials.  Exhibits O and Q.

As Respondent argues, the alleged "threats" which Respondent made during plea bargaining appear to be nothing more than constitutionally permissible incentives for plea bargaining.  Incentives for plea bargaining are not unconstitutional merely because they are intended to encourage a defendant to forego constitutionally protected conduct.  United States

1   v. Narramore, 36 F.3d 845,847 (9th Cir. 1994), citing Corbitt v. New Jersey, 439 U.S. 212

2   (1978).

3          In regard to Petitioner's claim regarding the introduction of evidence regarding the

4   rejected plea bargain, the admissibility of evidence is a matter of state law and improper

5   admission of evidence does not usually violate the United States Constitution and is not

6   normally cognizable in federal habeas corpus.  See, Estelle v. McGuire, 502 U.S. 62, 68, 112

7   S.Ct. 475, 480 91991).  Nevertheless, there can be habeas relief for the admission of

8   prejudicial evidence if the admission was fundamentally unfair and resulted in a denial of

9   due process.  See, Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert. denied*, 510

10  U.S. 1191, 114 S.Ct. 1294 (1994).

11         In this case, the admission of the evidence was non-prejudicial and did not violate

12  due process.  As the Court of Appeal noted in rejecting Petitioner's state statutory claim, the

13  information was provided to the trial court, which was certainly aware that the rejected plea

14  agreement should not be considered in sentencing.  Exhibit G, 18.  The recommended

15  sentence of the probation officer did not change because of the supplemental report which

16  referred to the rejected plea bargain.  Id.   The Court of Appeal concluded that the error was

17  non-prejudicial based on the following: 1) the trial court did not refer to the rejected plea

18  agreement at sentencing; 2) the court imposed a sentence considerably lower than that

19  recommended by the probation officer and requested by the district attorney; 3) in stating

20  facts in aggravation when imposing sentence, the trial court did not indicate that it viewed

21  the rejected plea as an aggravating factor.  Id.  It concluded that there was no basis to believe

22  that Petitioner's sentence was increased on the basis of the trial court being aware that a prior

23  plea agreement had been rejected.  Exhibit G, 18.

24         Accordingly,  the court finds that Petitioner has failed to carry his burden of

25  demonstrating that the Superior Court's opinion "resulted in a decision that was contrary to,

26  or involved an unreasonable application of, clearly established Federal law, as determined by

27

28                                                    24

the Supreme Court of the United States;" or "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State Court

proceeding." 28 U.S.C. § 2254(d).   The court finds no basis for habeas corpus relief based

on this contention.

Based on the foregoing, THE COURT HEREBY RECOMMENDS that the petition

for writ of habeas corpus be DENIED and that judgment be entered for Respondent.


These Findings and Recommendation are submitted to the assigned United States

District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

California.  Within thirty (30) days after being served with a copy, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

objections shall be served and filed within ten (10) court days (plus three days if served by

mail) after service of the objections.  The court will then review the Magistrate Judge's

ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 24, 2006**                              _____/s/  **William M. Wunderlich**_____
mmkd34                                                       UNITED STATES MAGISTRATE JUDGE

25