UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON MARTINEZ VARGAS, | ) | 1:03-cv—6622-OWW-SMS-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION IN LIMINE |
| | ) | (DOC. 77) |
| | ) | |
| v. | ) | ORDER DENYING AS MOOT |
| | ) | PETITIONER'S APPLICATION FOR WRIT |
| CHERYL PLILER, | ) | OF HABEAS CORPUS AD TESTIFICANDUM |
| | ) | (DOC. 78) |
| Respondent. | ) | |
| | ) | ORDER SETTING DEADLINE OF |
| | ) | AUGUST 20, 2010, FOR FILING OF |
| | | APPLICATION FOR WRIT OF HABEAS |
| | | CORPUS AD TESTIFICANDUM |

ORDER SETTING TELEPHONIC STATUS CONFERENCE
**Date: August 25, 2010**
**Time: 10:00 a.m.**

ORDER SETTING DUE DATE FOR FILING JOINT STATEMENT
**Date: October 1, 2010**

ORDER SETTING TELEPHONIC STATUS CONFERENCE
**Date: October 5, 2010**
**Time: 10:00 a.m.**

ORDER SETTING EVIDENTIARY HEARING
**Date: October 14, 2010**
**Time: 1:00 p.m.**
**Place: Courtroom 7**

1

Petitioner is a state prisoner proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 72-302 and 72-303. Pending before the Court is Respondent's motion in limine, filed on July 7, 2010, to limit the evidentiary hearing to the following specific issue: whether trial defense counsel was asleep during any portion of the testimony of gang expert Frank Gonzales. Petitioner filed opposition on July 23, 2010; no reply was filed.

I.   Motion in Limine

The in limine motion of Respondent came on regularly for hearing on August 6, 2010, at 9:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Carolyn Phillips appeared telephonically on behalf of Petitioner, and Paul E. O'Connor appeared telephonically on behalf of Respondent. The Court had reviewed all the papers submitted by the parties. After argument, the matter was submitted to the Court.

A.   Background

Respondent argues that the issue of whether defense counsel was asleep during any portion of the testimony of gang expert Frank Gonzales is the only issue which has been exhausted in the state courts. Further, it is the only issue that has been timely presented pursuant to 28 U.S.C. § 2244(d)(1). Petitioner's first amended habeas petition was timely filed in this Court on November 22, 2004, and raised this issue. (Pet., ground 8, p. 6c.)

Petitioner declared in his verified amended petition that

2

his trial counsel, George Quick, had fallen asleep during the direct examination of the gang expert Mr. Gonzales, and that Mr. Vargas had to jar Mr. Quick awake.  The transcript of the trial confirms these allegations.  On the next day of trial, Friday, January 19, 2001, after both the defense and prosecution had rested, Mr. Quick advised the court that he was very fatigued and not prepared to begin his closing argument.  The court denied his request to put over closing until Monday, June 22, 2001.  (Mot., Ex. 2, R.T. January 19, 2001, pp. 448, 478.)  Petitioner contends that Mr. Quick's admitted fatigue the day after he said he had been sleeping corroborates Petitioner's claim that Mr. Quick slept during the gang expert's testimony, and that such evidence should not be excluded because it goes directly to the issue of whether Mr. Quick was tired, and in fact was so tired that he slept during the trial.

The operative allegations in the first amended petition are as follows:

> During the course of the trial counsel slept through portions of the prosecutors examination of adverse witness Frank Gonzales' testimony.  Counsel during one stage of the testimony had to be jarred awake by the petitioner to get counsel to object to the prosecutions solicitation of testimony petitioner considered irrelevant, counsel in coming awake objected and acknowledged that he had been asleep and had missed the question and answer posed by the prosecutor.  As a result of counsel's having slept through a substantial and significant portion of the trial proceedings, petitioner was denied the right to representation by counsel during every critical stage of the proceedings.

(Pet. 6c: 7-17.)

With respect to the directions from the appellate court, in a memorandum of decision filed June 26, 2009, the United States Court of Appeals for the Ninth Circuit wrote the following:

3

> Vargas argues that he was denied the effective assistance of counsel, in violation of the Sixth Amendment, as a result of his trial counsel's sleeping during a substantial portion of the trial. Vargas alleges facts that, if true, may amount to a violation of his right to the effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 680-96 (1984); United State v. Cronic, 466 U.S. 648, 659-60 (1984). Respondent Pliler asks us to assume that counsel was asleep--for how long or through what portion of the trial we do not know--but to conclude nevertheless that Vargas suffered no prejudice. Such a assumption would force us to engage in a series of speculations to answer a serious question about an important constitutional right. We conclude that Vargas's claim cannot be resolved by reference to the state court record in this case. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Nor should it be resolved in the manner the state proposes. We, therefore, remand to the district court to conduct an evidentiary hearing.

(Vargas v. Pliler, no. 1:03-cv-06622 OWW SMS HC, doc. 69, 2.)

       B.   Analysis

The memorandum from the appellate court clearly refers to sleeping during substantial portions of the trial; it does not segregate particularized portions of the trial proceedings. Further, the appellate court clearly intends this Court to take evidence to determine during what portions of the trial, if any, defense counsel slept, including how long he slept, how often he slept, and what trial proceedings were going on at the time he slept. The limitation sought by Respondent does not appear to be warranted by the broad language used in the order of remand.

Insofar as Respondent contends that consideration of counsel's sleeping during other trial proceedings would not be exhausted or timely, Respondent relies on Petitioner's single specification in the amended petition of the facts appearing in the appellate record that affirmatively reflect what could be considered an admission by counsel that during the presentation

4

of evidence and examination of witnesses, he had been sleeping and/or was not even sure when he was asleep and when he was awake.

A habeas petition "may be amended... as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  An amendment to a pleading relates back to the date of the original pleading when 1) the law that provides the applicable statute of limitations allows relation back, 2) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading, or 3) the amendment changes the party or naming of a party under specified circumstances.  Fed. R. Civ. P. 15(c)(1).  Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires that a habeas petition not simply meet the general standard of notice pleading, but rather specify all the grounds for relief available to the petitioner and state the facts supporting each ground.

An amended habeas petition that concerns the same trial, conviction, or sentence as a previously filed petition does not relate back (and thereby avoid AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. Mayle v. Felix, 545 U.S. 644, (2005) (facts concerning admission of a defendant's statement in violation of the Fifth Amendment were different from facts supporting a claim of a Sixth Amendment violation premised on admission of a videotape of a third party's statement made at a different time and place).

The Court must determine the appropriate level of generality

5

1  or specificity with which to identify the common core of
2  operative facts of Petitioner's claim concerning denial of his
3  right to the effective assistance of counsel.  A claim concerning
4  an allegedly erroneous jury instruction does not relate back to a
5  claim of erroneous admission of evidence.  Hebner v. McGrath, 543
6  F.3d 1133, 1138-39 (9th Cir. 2008).  Analogously, relation back
7  is not appropriate where a petitioner alleges one type of
8  ineffective assistance in the original petition, and then amends
9  the petition to assert another ineffective assistance claim based
10 upon an entirely distinct type of attorney misfeasance.  See,
11 United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005), cert.
12 denied, 547 U.S. 1217 (2006).
13     In the amended petition, Petitioner alleged that counsel
14 slept during substantial portions of the trial, including during
15 the portion of the trial involving the examination of witnesses.
16 Examining the entire trial proceedings before the jury for
17 indicia of counsel's having slept would involve a single type of
18 attorney misfeasance.  The trial proceedings before the jury
19 include a substantial portion of the critical stages of the trial
20 referred to by Petitioner.  The examination of the witnesses
21 before the jury occurred in a continuous proceeding that may be
22 characterized as an occurrence.  Sleeping of counsel during the
23 presentation of, and argument concerning, the evidence would
24 occur within a common nucleus of facts involving counsel's
25 conduct in relation to the witnesses, the Court, the jury, and
26 Petitioner.  The Court concludes that counsel's sleepiness during
27 closing argument is related to and arose out of the conduct,
28 transaction, or occurrence set out, or attempted to be set out,

in the timely pleading.

Further, the Court is mindful that it can be difficult to determine by objective observation alone a person's state of consciousness. Therefore, consideration of the trial proceedings as a unit is a logical choice of context because the Court will have the ability to evaluate the effect of any substandard conduct of counsel on Petitioner's defense in light of all the evidence. Assuming the Court reaches the merits of Petitioner's claim, governing law will require the Court to determine whether 1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all the circumstances of the particular case; and 2) unless prejudice is presumed, it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-94 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). In determining prejudice, a reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. Strickland, 466 U.S. at 694. In the context of a trial, the question is thus whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt. Strickland, 466 U.S. at 695. This Court must consider the totality of the evidence before the fact finder and determine whether the substandard representation rendered the proceeding fundamentally unfair or the results thereof unreliable. Strickland, 466 U.S. at 687, 696.

Respondent asserts that fatigue during oral argument is

beyond the scope of the directions for remand given by the Court of Appeal.

Strictly speaking, fatigue alone, unaccompanied by sleeping, and otherwise separated from the context of the trial proceedings, would appear to be outside the scope of the remand directed by the appellate court.  However, the Court understands its task upon remand to be to explore the entirety of the trial proceedings; to take evidence in order to determine during what portions of the trial, if any, Petitioner's trial counsel was asleep; and to apply the appropriate standard of review and make findings and recommendations to the District Judge concerning the extent of counsel's sleeping and the extent of any prejudicial effect therefrom upon Petitioner's rights to the effective assistance of counsel and to a defense.

At this point the nature and extent of any evidence to be presented to the Court is unclear, and the Court cannot foresee how, if at all, any fatigue of counsel was related to sleeping during the proceedings.  With respect to the issues ultimately to be decided, the Court recognizes the primacy of trial counsel's sleeping and its effect on Petitioner's right to counsel; any wholesale exploration of counsel's fatigue, unrelated to sleeping or the effect of sleeping on Petitioner's right to the effective assistance of counsel, is foreclosed.

However, in order to be able to make informed findings and recommendations on the main issues to be decided, the Court retains its discretion to explore the relevant behavior concerning, and effects of, any sleeping, such as indicia of fatigue or confusion, or other phenomena such as questionable

conduct or inaction, that are related to episodes of counsel's sleeping during the trial and are relevant to an assessment of any prejudice to Petitioner's right to the effective assistance of counsel in his defense.

Accordingly, Respondent's motion to limit the evidentiary hearing to the sole issue of counsel's sleeping while examining witness Frank Gonzales is DENIED.

### II. Denial of Motion for Writ of Habeas Corpus ad Testificandum

As the Court stated at the hearing, Petitioner's motion for issuance of a writ of habeas corpus ad testificandum (Doc. 78) is DENIED as moot without prejudice to Petitioner's filing a renewed application on or before August 20, 2010.

### III. Telephonic Conference concerning Stipulation regarding the Prosecutor's Testimony

In view of a dispute concerning the need to redact, and the admissibility of, a stipulation concerning the testimony of prosecutor Jared Hamilton, counsel shall MEET AND CONFER regarding the dispute; SUBMIT a paper copy of the relevant stipulation and/or declarations DIRECTLY to the chambers of the Honorable Sandra M. Snyder, Chief Magistrate Judge, at least three days in advance of the telephonic conference; and PARTICIPATE in a telephonic conference on August 25, 2010, at 10:00 a.m.  Respondent shall ARRANGE the conference call with the other parties and direct it to Frances Robles at (559) 499-5690 at the appointed time.

The parties are CAUTIONED not to file the documents or to send them to the office of the Clerk of the Court; rather, the documents must be submitted DIRECTLY to the chambers of the

9

undersigned Magistrate Judge.

    IV.   Joint Statement and Telephonic Status Conference

    Counsel agreed that one-half day was sufficient for the hearing, at which counsel anticipated examining no more than several witnesses, including Petitioner, who is housed at Corcoran; the defense attorney, George Wright Quick; the trial judge, the Honorable Clarence Westra; and Jared Hamilton, the prosecutor, whose testimony might become the subject of a stipulation or declaration.

    Counsel agreed that argument and briefing should occur after the hearing, at which time a schedule shall be set for receipt of the transcript and the filing of briefing.

    Counsel shall continue to meet and confer concerning all matters pertinent to the upcoming evidentiary hearing.

    Counsel shall FILE no later than October 1, 2010, a joint statement concerning the scope of the hearing and the witnesses and evidence.

    Further, counsel shall PARTICIPATE in a telephonic status conference concerning the hearing set for October 5, 2010, at 10:00 a.m.  Respondent shall ARRANGE the conference call with the other parties and direct it to Frances Robles at (559) 499-5690 at the appointed time.

    Accordingly, it IS ORDERED that

    1) Respondent's in limine motion is DENIED; and

    2) The evidentiary hearing in this matter is SET for October 14, 2010, at 1:00 p.m., before the undersigned Magistrate Judge in Courtroom 7; and

    3) The motion of Petitioner for writ of habeas corpus ad

testificandum is DENIED as moot without prejudice to filing an application for such a writ, complete with a proposed order, on or before August 20, 2010; and

    4) Counsel shall MEET AND CONFER regarding the dispute concerning a stipulation; SUBMIT a paper copy of the relevant stipulation and/or declarations DIRECTLY to the chambers of the Honorable Sandra M. Snyder, Chief Magistrate Judge, at least three days in advance of the telephonic conference; and PARTICIPATE in a telephonic conference on August 25, 2010, at 10:00 a.m.; Respondent shall ARRANGE the conference call with the other parties and direct it to Frances Robles at (559) 499-5690 at the appointed time; and

    5) The parties shall FILE no later than October 1, 2010, a joint statement concerning the evidentiary hearing; and

    6) Counsel shall PARTICIPATE in a telephonic status conference on October 5, 2010, at 10:00 a.m.; Respondent shall ARRANGE the conference call with the other parties and direct it to Frances Robles at (559) 499-5690 at the appointed time.

IT IS SO ORDERED.

**Dated:   August 10, 2010**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE